# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Case No. 2:18-CR-31 |
| | ) | REEVES/CORKER |
| ALFRED DOLO | ) | |

## MEMORANDUM AND ORDER

On November 8, 2018, the Honorable Clifton L. Corker, United States Magistrate Judge, filed a 9-page Report and Recommendation [R. 39], in which he recommended that Dolo's motion to suppress [R. 23] be denied.

This matter is before the court for consideration of Dolo's objections [R. 45] to the Report and Recommendation. As required by 28 U.S.C. § 36(b)(1) and Rule 72(b), Fed.R.Civ.P., the court has now undertaken a *de novo* review of those portions of the Report and Recommendation to which Dolo objects. For the reasons that follow, the court finds Dolo's objections without merit and the objections are overruled.

Dolo was indicted for possessing with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Dolo filed a motion to suppress arguing that the investigatory stop conducted by law enforcement violated the Fourth Amendment as it was not supported by reasonable suspicion. He argues that the crack cocaine discovered during the stop and his subsequent confession should be suppressed. The government responds that the investigatory stop of the vehicle was supported by reasonable suspicion based on the totality of the circumstances.

An evidentiary hearing was conducted before the magistrate judge on October 29, 2018. The magistrate judge made the following factual findings: On June 14, 2017, a spree of 911 calls were received by Washington County 911 dispatch. The calls included reports of business and car windows being shot out; an individual being shot with an airsoft gun; and shots fired through the window of a home. Over a span of approximately one hour, eleven such incidents were reported throughout Johnson City and Washington County. The initial BOLO stated the subject was in a late model burgundy Impala. Dispatch did not advise the race of the driver. A second BOLO also described the subject vehicle as a burgundy Impala. Later, an officer radioed that he had observed a black Impala driven by a bi-racial male, dark tinted windows, drive-out tag on the right passenger rear window, no tag on the rear of the vehicle.

A few minutes after hearing this last transmission, Officer Eberhardt saw a black Impala with two occupants. She followed the vehicle and observed a drive-out tag on the left side of the vehicle's rear window. She believed the rear window was tinted. She activated her lights and stopped the vehicle. The driver had not committed any traffic violations. As Officer Eberhardt approached the vehicle, she noticed in plain view a pair of brass knuckles in the cupholder. She instructed the occupants to exit the vehicle. As Dolo exited the passenger side of the vehicle, a bag containing a white substance fell to the ground. The bag contained crack cocaine. Dolo was placed under arrest.

Dolo argues that because two victim reports referenced the subject car as burgundy or maroon, Officer Eberhardt lacked reasonable suspicion to stop the black Impala. The court disagrees.

The Fourth Amendment prohibits "unreasonable searches and seizures" by the law enforcement and its protections extend to brief investigatory stops of persons or vehicles that fall short of traditional arrest. *United States v. Arvizu,* 534 U.S. 266, 273 (2002). An investigatory stop complies with the Fourth Amendment when police are able to demonstrate that they had "reasonable suspicion" to believe that criminal activity may be afoot. *Id.* Under this standard, the government must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant an intrusion measured by an objective standard. *United States v. Vite-Espinoza,* 342 F.3d 462, 466 (6th Cir. 2003). This standard demands less than probable cause but more than a "mere hunch." *Smoak v. Hall,* 460 F.3d 768, 778 (6th Cir. 2006). Courts determine the existence of reasonable suspicion by assessing the totality of the circumstances to see whether the detaining officer had a particularized and objective basis for suspecting wrongdoing. *Arvizu,* 534 U.S. at 274.

Dolo contests the reasonableness of the stop because the color of the Impala and race of its occupants did not exactly match the information from the various dispatch reports. The court finds that Officer Eberhardt had reasonable suspicion to stop the black Impala. Dispatch issued a BOLO regarding two occupants in a dark colored Impala being involved in the shooting incidents. It described the color as burgundy or maroon. One officer described seeing a black Impala in the vicinity. Dolo's vehicle was observed in a location and in temporal proximity consistent with the reported criminal activity, and it matched the description broadcast by another officer. Based on these facts, Officer

3

Eberhardt's suspicion of the black Impala was reasonable and sufficient to justify an investigatory stop.

Dolo makes much of the disparity between the reported color and observed color of the Impala. However, the Sixth Circuit holds that minor disparities in color are not dispositive. *See United States v. Atkins,* 513 Fed. Appx. 577, 580 (6th Cir. 2013) (finding a minor difference in color did not undermine validity of stop supported by other physical similarities, as well as temporal and physical proximity to reported crime).

Equally unavailing are Dolo's arguments that the windows in his vehicle were not tinted and that some of the reports indicated that the driver and passenger were white. Again, under the totality of the circumstances, these differences are not dispositive. Dolo ignores reports that the race of the occupants of the vehicle was unknown, and one report that one of the occupants was biracial.

Based on the totality of the circumstances known to Officer Eberhardt, the court finds that the stop was lawful under *Terry* and its progeny. Officer Eberhardt lawfully stopped the black Impala based upon reasonable suspicion that its occupants were engaged in the shooting spree occurring in and around Johnson City. Accordingly, the court concludes that the investigative stop of the black Impala did not violate Dolo's rights under the Fourth Amendment.

After a careful review of the record, the court is in complete agreement with the magistrate judge's recommendation that Dolo's motion to suppress be denied. Accordingly, the court **ACCEPTS IN WHOLE** the Report and Recommendation under 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). It is **ORDERED**, for the reasons stated in

the Report and Recommendation, which the court adopts and incorporates into its ruling, that Dolo's motion to suppress [R. 23] is **DENIED.**

Enter:

_____
**UNITED STATES DISTRICT JUDGE**